IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIM. NO. ELH-25-0274 |
| TONY MARCOS FERREIRA-DOS SANTOS, | |
| Defendants | |

## ORDER

Upon consideration of the Government's Motion for Exclusion of Time from Speedy Trial Act Computations (the "Motion") and based on the facts and arguments provided in the Motion, the Court makes the following findings:

Under the provisions of the Speedy Trial Act, the Court may continue a defendant's trial beyond the 70-day period provided in 18 U.S.C. § 3161(c)(1) if the ends of justice served by such a delay outweigh the interests of the defendant and the public in a speedy trial.

In this case, the Defendant was initially charged by criminal complaint and later by criminal information with assaulting, resisting, opposing, impeding, interfering with federal officers in violation of 18 U.S.C. § 111. Following detention proceedings, on or about September 30, 2025, the Defendant was released to Immigration and Customs Enforcement (ICE) custody on a detainer. The Defendant is currently in ICE custody in removal proceedings. The Defendant is in custody outside the District of Maryland. The government checked the Defendants status on the ICE inmate locator system and relayed the location to defense counsel (most recently on January 7, 2026).

The government's motion requests that the Court set a status report date in approximately 30 days for the parties to report to the Court on whether to schedule a trial. The motion states that

the period of time requested herein will serve several important interests of justice (including those discussed below). Specifically, the government requests that the parties be allowed to report on the status of this case on or before February 9, 2026 and that the computation of time under the Speedy Trial Act be excluded through that date, February 9, 2026.

The Court finds that the ends of justice served by such a delay outweigh the interests of Defendant and the public in a speedy trial, thereby satisfying the requirements of 18 U.S.C. § 3161(h)(7). Specifically, the requested time will serve several important interests of justice, including: allowing time for the defense to review the case; for defense counsel to make contact with the Defendant, who as stated is currently in custody on other proceedings outside of the District of Maryland; for parties to assess the likely disposition of the Defendant's removal proceedings; for the defense to consider options such as pretrial motions, trial, or other options; and for the parties to prepare for trial.

The Court finds that the additional requested time will serve the ends of justice by providing time for all of those purposes; further, those ends of justice outweigh the interests of the Defendant and the public in a speedy trial because the additional time will allow Defense Counsel and the Defendant to consult (given that the Defendant is outside the District of Maryland); to consider pretrial options; and to prepare for trial.

For those reasons, the ends of justice served by such a delay outweigh the interests of the Defendant and the public in a speedy trial, thereby satisfying the requirements of 18 U.S.C. § 3161(h)(7).

Therefore, it is hereby ORDERED that:

1. Pursuant to 18 U.S.C. § 3161(h), the Motion is GRANTED; and

2.  The time period from **the granting of the government's motion through and including February 9, 2026,** is hereby excluded in computing the time within which the trial in this matter must commence under the Speedy Trial Act.

1/12/26
Date

*Ellen R. Hollander*
Hon. Ellen L. Hollander
United States District Judge